Unlike *People v. Williams,* 38 Ill.2d 150, 230 N.E.2d 214, cited by the State, we believe that the informer's knowledge was potentially significant on the issue of defendant's guilt or innocence. Although the informer possessed information which was material, the State's conduct prevented defendant from making a determination of whether his knowledge or testimony would aid in the defense. Such conduct cannot be condoned nor can it be divorced from the question of whether defendant was prejudiced at trial. Accordingly, we hold that the State's concealment, and the subsequent refusal of the trial court to order disclosure, denied defendant a fair trial.

In light of the foregoing, the judgment of the circuit court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HAYES, P. J., and LEIGHTON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME BROWN, Defendant-Appellant.

(No. 59699;

First District (2nd Division)—December 24, 1974.

378

Opinion by Mr. JUSTICE STAMOS.

James J. Doherty, Public Defender, of Chicago (Patrick M. Gleason and John M. Kalnins, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jerome Charles Randolph, and Michael F. Baccash, Assistant State's Attorneys, of counsel), for the People.